1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6          **DISTRICT OF NEVADA**
7

8   KIRSHA BROWN-YOUNGER,                 )
                                          )
9                    Plaintiff,           )     Case No. 2:11-cv-01003-GMN-GWF
                                          )
10  vs.                                   )     **ORDER AND**
                                          )     **FINDINGS AND RECOMMENDATIONS**
11  STATE OF NEVADA,                      )
                                          )     Application to Proceed In Forma
12                   Defendant.           )     Pauperis (#1) and Screening of
    _____)     Complaint
13

14          This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis

15  (#1), filed on June 20, 2011.

16                           **BACKGROUND**

17          On July 1, 2011, Plaintiff filed an Additional Complaint (#4) alleging that she is involved in a

18  government instigated conspiracy to intervene with her civil rights suit.  The Court will review

19  Plaintiff's Complaint (#1-1) and Additional Complaint (#4) as a single complaint for the purposes of

20  screening.

21          Plaintiff alleges the State of Nevada Government violated her 14th Amendment, Due Process

22  rights and her Equal Protection rights.  Plaintiff alleges she has been stripped of her rights as a citizen

23  of the State of Nevada including her equal opportunity rights to employment, housing, and education,

24  and her right to social services, her right to government medical insurance, her rights to government

25  benefits/welfare.  Plaintiff further alleges her privacy and confidentiality has been violated along with

26  her right to life, liberty and freedom.  Plaintiff, however, fails to demonstrate exactly how each of these

27  rights were violated.  Plaintiff requests five (5) million dollars for punitive damages along with

28  legislative action that bans electronic harassment and implements new stalking laws.

Plaintiff's additional Complaint adds the Las Vegas Metropolitan Police Department (LVMPD) and the United States Government as Defendants in this action.  Plaintiff further alleges that she was personally attacked and harassed in retaliation for filing her civil rights suit.  On July 1, 2011, Plaintiff claims that she was attacked and bullied in an unprofessional manner in the Justice Court Self Help Center.  Plaintiff alleges that the Justice Court staff were somehow notified by a government or city official to harass and badger her and prevent her from using their computers to download forms and type out her legal pleadings despite the fact that Plaintiff was at the Self Help Center three to four times per week using their services.  The staff of the Self Help Center apparently told Plaintiff that she cannot use their computers because she was messing up their computer system when she downloaded specific icons.  Plaintiff denied ever downloading any icons.

Plaintiff then requested the names and contact information of the supervisors at the Self Help Center.  Plaintiff used a document with her personal bank account information on it to write their contact information.  Plaintiff alleges that the staff member then confiscated the document and told Plaintiff that she was going to make a copy of it.  Plaintiff responded to the staff member that he/she could not make a copy of the paper because it had her personal information on it.  Plaintiff then requested the document be returned or she would make an identity theft/fraud claim against the individual.  After repeatedly asking for the document to be returned, Plaintiff snatched the document out of the staff member's hand stating that it had her personal information on it.

Plaintiff claims she was then arrested by the Marshals and given a citation, but told that she could return to the Self Help Center next week and if she had any further problems with the staff, she needed to report them to the Marshals.

Plaintiff also alleges that she moved into a residential shelter program where she is being stalked by unknown individuals.  Plaintiff claims that this unknown individual obtained her personal and confidential information from government agents or police officers.  Plaintiff concludes that the only possible way that her stalker was able to follow her to the shelter was through warrantless wiretapping.  Plaintiff alleges that she called the shelter and her cell phone is illegally tapped for non-criminal purposes.

. . .

1    Plaintiff further alleges that on June 30, 2011, she was approached by an unknown shelter
2    resident that had checked into the shelter immediately after she arrived.  Plaintiff alleges that this
3    individual communicated personal information that she had no way of knowing without the assistance
4    of agents, officials or officers.  Specifically, Plaintiff alleges this individual stated " I know about your
5    lawsuits in court, and I know about the attack you experienced in the bus last year, you should of gotten
6    your ribs broken.  I know you used to stay on Boulder Hwy, in the Sportsman's Royal Manor, and your
7    son is a violent child who causes problems in school."  Plaintiff alleges that this individual was an
8    older, Caucasian woman who did not personally know the Plaintiff.

9    In sum, Plaintiff alleges that she has been conspired against for the past 16 months, and she has
10   encountered numerous, consistent and endless violations of her constitutional, human and civil rights.
11   Plaintiff claims the conspiracy against her rights was instigated and organized by government, state, and
12   city officials/agents/officers in an effort to deprive her of her rights.  Plaintiff further states that she will
13   be requesting injunctive relief and a protective order to stop the harassment, attacks, and transfer of her
14   personal and confidential information to unknown, un-authorized individuals and organizations.

15                                                    **DISCUSSION**

16   **I.    Application to Proceed In Forma Pauperis**

17   Plaintiff filed this instant action and attached a financial affidavit to her application and
18   complaint as required by 28 U.S.C. § 1915(a).  Reviewing Brown-Younger's financial affidavit
19   pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a
20   result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

21   **II.   Screening the Complaint**

22   Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a
23   complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to
24   dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief
25   may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from
26   such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to
27   state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove
28   no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968

3

F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.   Civil Rights Claim - 42 U.S.C. § 1983**

Plaintiff filed her Complaint as a civil rights actions pursuant to 42 U.S.C. § 1983.  To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes."  *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Once the plaintiff alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under *color of state* law.  Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government.  *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).  For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department.  *Monell*, 436 U.S. at 663.

As best the Court can tell, Plaintiff is attempting to sue the entire State of Nevada Government, the United States Government and the Las Vegas Metropolitan Police Department based on allegations of electronic harassment or stalking.  Plaintiff alleges a violation of the Conspiracy Against Rights Act and the Electronic Communications Interception/ Title II Wiretap Act.

Plaintiff's claim against the State of Nevada and the United States of America cannot prevail. States are not persons for purposes of § 1983.  *See Arizonans for Official English v. Arizona*, 520 U.S.

43, 69 (1997).   Section 1983 claims against states, therefore, are legally frivolous.  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).  The Plaintiff asks the Court to compel Nevada legislative action and award Plaintiff five million dollars for punitive damages due to violations of her 14th Amendment rights, violations of her civil, constitutional and human rights, and intentional infliction of emotional, financial, psychological and physical distress.  The Court cannot compel the State of Nevada to take legislative action as the Plaintiff requests.

Additionally, Plaintiff's claim against the LVMPD fails to identify a specific officer or employee that violated Plaintiff's rights.  A local government unit cannot be held responsible for the acts of its employees under a respondeat superior theory of liability.  *See Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Therefore, to hold the LVMPD liable under § 1983 for an officers' conduct, plaintiff must establish the existence of a policy which encouraged or condoned the officers' unconstitutional actions alleged herein.  *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff has failed to do so.  Further, Plaintiff requests punitive damages against the LVMPD. Although punitive damages are available under § 1983, municipalities, such as the LVMPD, are not liable for punitive damages.  *See Kentucky v. Graham*, 476 U.S. 159, 167 n.13 (1985).

As it is clear from the face of the complaint that the deficiencies cannot be cured by amendment, the Court will recommend that Plaintiff's Complaint be dismissed with prejudice.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1) and the Additional Complaint (#4).

. . .

1

**RECOMMENDATION**

2       **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) and Additional

3 Complaint (#4) should be **dismissed with prejudice**.

4

**NOTICE**

5       Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

6 writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held

7 that the courts of appeal may determine that an appeal has been waived due to the failure to file

8 objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

9 held that (1) failure to file objections within the specified time and (2) failure to properly address and

10 brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

11 issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt*

12 *v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

13       DATED this 17th day of August, 2011.

14

15

16 **GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28

6